## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | | |
|---|---|---|---|
| (1) | NORTH STAR MUTUAL INSURANCE COMPANY, | ) ) ) | |
| | Plaintiff, | ) ) ) | |
| v. | | ) ) | Case No.: CIV-20-411-JD |
| (1) | TREY THOMAS, | ) | |
| (2) | ED THOMAS, | ) | |
| (3) | AVA HOWARD, | ) | |
| (4) | BRADEN BENNETT, | ) | |
| (5) | ALLISON BENNETT, | ) | |
| (6) | JARED NOBLE, | ) | |
| (7) | RICHARD TRIPPET, | ) | |
| (8) | DIANE TRIPPET, | ) | |
| (9) | JAMES LOCKHART, | ) | |
| (10) | CATHY LOCKHART, | ) | |
| (11) | JOHN SAVAGE, | ) | |
| (12) | JOY SAVAGE, | ) | |
| (13) | BRIAN COSTNER, | ) | |
| (14) | CIRCLE DIAMOND RANCH, | ) | |
| (15) | RETA ENGLEMAN, | ) | |
| (16) | DANIEL ENGLEMAN, | ) | |
| (17) | OKLAHOMA FARM BUREAU MUTUAL INSURANCE COMPANY, | ) ) ) | |
| (18) | FARMERS ALLIANCE MUTUAL INSURANCE COMPANY, and | ) ) | |
| (19) | ALL OTHER CLAIMANTS FROM THE MARCH 7, 2020, BEAVER COUNTY, OKLAHOMA, FIRE, TO BE IDENTIFIED, | ) ) ) ) ) | |
| | Defendants. | ) | |

## FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT

The Plaintiff, North Star Mutual Insurance Company ("North Star"), for its Complaint

for Declaratory Judgment against the Defendants, Trey Thomas, Ed Thomas (together,

"Defendant Insureds"), Ava Howard, Braden Bennett, Allison Bennett, Jared Noble, Richard Trippet, Diane Trippet, James Lockhart, John Savage, Joy Savage, Brian Costner, Circle Diamond Ranch, Reta Engleman, Daniel Engleman (together, "Known Claimants"), Oklahoma Farm Bureau Mutual Insurance Company, Farmers Alliance Mutual Insurance Company (together, "Subrogation Insurer Claimants") and All Other Claimants From the March 7, 2020, Beaver County, Oklahoma, Fire, To Be Identified (together, "All Other Claimants"), alleges and states:

## INTRODUCTION

1. This is an action for declaratory judgment brought pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, to determine a real and justiciable controversy among the parties with respect to their rights and/or obligations, if any, under a certain insurance contract, described more fully below.

## PARTIES

2. Plaintiff North Star is incorporated in the state of Minnesota and has its principal place of business in the state of Minnesota.

3. North Star issued a "Personal Liability Coverage (Farm)" insurance policy to the Defendant Insured, Trey Thomas, with Defendant Insured Ed Thomas named as an additional insured, Policy No. F 62441 (hereafter the "North Star Policy"), in Oklahoma, for the policy period of March 14, 2019 to March 14, 2020. The North Star Policy included personal liability coverage in the amount of $1,000,000 per occurrence and medical payments coverage of $1,000 per person.

4. On information and belief, the Defendant Insureds are citizens of the state of Oklahoma and residents of Beaver County, Oklahoma.

5. On information and belief, Known Claimants are citizens of the state of Oklahoma and residents of Beaver County, Oklahoma, and/or entities incorporated in the state of Oklahoma with their principal place of business in the state of Oklahoma.

6. On information and belief, Subrogation Insurer Claimant Oklahoma Farm Bureau Mutual Insurance Company is incorporated in the state of Oklahoma and has its principal place of business in the state of Oklahoma.

7. On information and belief, Subrogation Insurer Claimant Farmers Alliance Mutual Insurance Company is incorporated in the state of Kansas and has its principal place of business in the state of Kansas.

8. On information and belief, All Other Claimants are citizens of the state of Oklahoma and residents of Beaver County, Oklahoma, and/or entities incorporated in the state of Oklahoma with their principal place of business in the state of Oklahoma.

### JURISDICTION AND VENUE

9. The issues giving rise to this coverage dispute occurred in Beaver County, State of Oklahoma.

10. This Court has jurisdiction in this action pursuant to 28 U.S.C. § 1331(a)(1). Diversity jurisdiction exists because this action is between citizens of different states and the amount in controversy is in excess of $75,000.00. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e)(c).

## FACTUAL BACKGROUND

11.     On the morning of Saturday, March 7, 2020, a fire started approximately four (4) miles east of Balko, Oklahoma, in Beaver County, Oklahoma ("March 7 Beaver Co. Fire").  The March 7 Beaver Co. Fire quickly spread northeast at a rate of over one hundred (100) feet per minute, eventually reaching the town of Beaver, Oklahoma, in Beaver County, Oklahoma, approximately fourteen (14) miles from where it started.  *See* National Weather Service Overview of March 7, 2020 Significant Wildfire in Beaver County, retrieved April 8, 2020, **Exhibit 1**.

12.     On information and belief, the March 7 Beaver Co. Fire began when two employees of Thomas Fencing Services, LLC, were cutting pipe for a client in Texas using an acetylene cutting torch on land owned and/or leased by the Defendant Insureds.  Grass near or underneath the pipe-cutting area ignited and, despite efforts to contain it, quickly spread.

13.     On information and belief, the March 7 Beaver Co. Fire affected approximately twenty-nine thousand one hundred eighty-nine (29,189) acres of land (including damage to fencing, pastureland, farmland, power lines, and at least six (6) homes), caused physical injuries to at least two (2) individuals, and maimed or killed at least twelve (12) livestock animals.  The full extent of the damage is unknown at this time.

14.     The Defendant Insured Trey Thomas notified North Star on or about March 12, 2020, of the March 7 Beaver Co. Fire.

15.     On information and belief, the Subrogation Insurer Claimants Oklahoma Farm Bureau Mutual Insurance Company and Farmers Alliance Mutual Insurance Company have

claimed subrogated interests in claims for their insureds related to the March 7 Beaver Co. Fire. *See* March 12, 2020, Letters from Bill Cathcart to Trey Thomas and Ed Thomas, **Exhibit 2**; and April 28, 2020, Letter from Bill Cathcart to Joshua Hefner, **Exhibit 3**.

16. On information and belief, the current estimation of total damages is approximately $2,500,000 - $3,000,000. *See* May 1, 2020, Letter from Bill Cathcart to Mike Stewart, **Exhibit 4**.

17. On information and belief, Thomas Fencing Services, LLC, has a liability policy of insurance issued by Mid-Continent Insurance Company with policy limits of $500,000. *Id.*

18. On information and belief, Mid-Continent Insurance Company is in the process of contacting claimants and buying releases for Thomas Fencing Services, LLC. *Id.*

19. On information and belief, some or all of the named Defendants believe there may also be coverage under the North Star Policy. *Id.*

## THE NORTH STAR POLICY

20. The North Star Policy contains the following relevant language, found under the heading "**PRINCIPAL COVERAGES - LIABILITY AND MEDICAL PAYMENTS TO OTHERS**":

> **Coverage L - Personal Liability** - "We" pay, up to "our" "limit", all sums for which an "insured" is liable by law because of "bodily injury" or "property damage" caused by an "occurrence" to which this coverage applies. "We" will defend a suit seeking damages if the suit resulted from "bodily injury" or "property damage" not excluded under this coverage. "We" may make investigations and settle claims or suits that "we" decide are appropriate. "We" are not required to provide a defense after "we" have paid an amount equal to "our" "limit".

**Coverage M - Medical Payments To Others** - "We" pay the necessary medical expenses if they are incurred or medically determined within three years from the date of an accident causing "bodily injury" covered by this policy. Medical expenses means the reasonable charges for medical, surgical, X-ray, dental, ambulance, hospital, professional nursing, and funeral services; prosthetic devices; prescription drugs; and eyeglasses, including contact lenses.

21. The North Star Policy contains the following relevant language, found under the heading "**EXCLUSIONS THAT APPLY TO LIABILITY COVERAGES**":

"We" do not pay for "bodily injury" or "property damage" resulting from one or more of the following excluded "occurrences", regardless of other causes or "occurrences" that contribute to or aggravate the "bodily injury" or "property damage", whether such causes or "occurrences" act to produce the "bodily injury" or "property damage" before, at the same time as, or after the excluded "occurrence".

**1. Exclusions That Apply To Coverages L and M -** This policy does not apply to:

* * *

   g. "bodily injury" or "property damage" resulting from activities related to the "business" of an "insured", except as provided by Incidental Business Coverage.

22. The North Star Policy defines "Business" as follows:

"Business" means a trade, a profession, or an occupation, all whether full or part time. This includes the rental of property to others. It does not include the occasional rental for residential purposes of the part of the "insured premises" normally occupied solely by "your" household.

"Business" includes services regularly provided by an "insured" for the care of others and for which an "insured" is compensated.
   "Business" does not include:
     a. "farming";
     b. part-time or seasonal activities that are performed by minors; or
     c. activities that are related to "business", but are usually not considered "business" activities.

6

23. The North Star Policy contains the following relevant language under the heading "**INCIDENTAL LIABILITY COVERAGES**":

> This policy provides the following Incidental Liability Coverages. They are subject to all of the "terms" of Coverages L and M. Except for Claims and Defense Cost and First Aid Expense, they do not increase the "limits" stated for the Principal Coverages.
>
> * * *
>
> **7. Business -** "We" pay for the "bodily injury" or the "property damage" which results from:
>   a. the rental of that part of the "insured premises" that is usually occupied by "you" as a residence;
>   b. the rental of other parts of the "insured premises" for use as a residence (No family unit may include more than two roomers or boarders.); or
>   c. the rental of a part of the "insured premises" for use as a school, studio, office, or private garage.

24. Based on the above-quoted policy language, material facts known at this time, and relevant case law, North Star contends that the North Star Policy does not provide coverage to the Defendant Insureds, whether in the form of a duty to defend or a duty to indemnify, for any of the claims related to the March 7 Beaver Co. Fire. *See, e.g., Wiley v. Travelers Ins. Co.*, 1974 OK 147, 534 P.2d 1293; *Grain Dealers Mut. Ins. Co. v. Farmers Alliance Mut. Ins. Co.*, 298 F.3d 1178 (10th Cir. 2002) (interpreting Oklahoma law); and *Hanover American Ins. Co. v. White*, 2015 WL 4629318 (W.D. Okla. 2015). However, North Star has not denied the request for defense and/or indemnification from the Defendant Insureds. Additionally, North Star has not denied any third-party claims (whether asserted previously or anticipated) of any of the Known Claimants, Subrogation Insurer Claimants,

All Other Claimants, and/or their respective insurers even though those third-parties may believe coverage exists (*see* **Exhibit 4**).  Thus, North Star seeks guidance from this Court.

### DECLARATORY COMPLAINT

25. As the foregoing demonstrates, there exists an actual and justiciable controversy between North Star and the Defendant Insureds, the Known Claimants, and All Other Claimants within the jurisdiction of this Court and involving the rights and liabilities of the parties under a contract of insurance, which controversy may be determined by a judgment of this Court.  North Star requests this Court to determine the rights and liabilities of the parties.

WHEREFORE, North Star prays that:

(1) this Court determine and adjudicate the rights and liabilities of the parties with respect to the subject contract of insurance;

(2) the Court find and determine that neither North Star's insurance policy nor Oklahoma law requires North Star to provide a defense to the Defendant Insureds based on the particular policy language, facts and circumstances present; and

(3) this Court award North Star such other and further relief as in law and justice it may be entitled to receive.

Respectfully submitted,

s/ Joshua K. Hefner
Gerard F. Pignato, OBA No. 11473
Joshua K. Hefner, OBA No. 30870
RYAN WHALEY COLDIRON JANTZEN
  PETERS & WEBBER, PLLC
400 North Walnut Avenue
Oklahoma City, Oklahoma 73104
Telephone:  405-239-6040
Facsimile:  405-239-6766
Email:      jerry@ryanwhaley.com
            jhefner@ryanwhaley.com
ATTORNEYS FOR PLAINTIFF